IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|   v. | )   CASE NO. 2:01-cv-612-ECM |
| | ) |
| JOHN HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**O R D E R**

Now pending before the Court is Petitioner's Motion for Preservation of All Biological Evidence and All Documentary Evidence Pertaining to the Testing of That Biological Evidence (doc. 300), filed on August 4, 2022. The Respondents oppose the motion, contending that the biological evidence at issue in the Petitioner's motion does not pertain to his actual innocence claim. (*See* Doc. 302). The Respondents further assert that Petitioner has not shown good cause for the discovery sought.

Upon review of Petitioner's motion, the Respondents' opposition, and the supporting evidence, the Court finds that Petitioner has established good cause, pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, for the discovery sought. Notwithstanding the Respondents' argument that the discovery sought does not pertain to Petitioner's actual innocence claim, the discovery requested relates to biological evidence, which is at the core of his actual innocence claim. Thus, upon consideration, and for good cause, it is

ORDERED that the Petitioner's motion (doc. 300) is GRANTED to the following extent:

1. Respondents are ORDERED to provide an updated notice regarding what biological evidence[1] relating to the crime is within the custody of the State, the location of any such evidence, and the responsible state official having custody and control of any such evidence.

2. All investigating agencies and entities in possession of any biological evidence (whether disclosed or undisclosed at this time) are ORDERED to preserve that evidence.

3. All investigating agencies and entities in possession of any documentary evidence related to testing of biological evidence performed in this case (whether disclosed or undisclosed at this time) are ORDERED to preserve that evidence.

4. Respondents are ORDERED to disclose any and all reports generated by the Alabama Department of Forensic Sciences related to and resulting from the recent DNA testing referenced in Petitioner's motion, including, but not limited to, worksheets, bench notes, memoranda, and photographs.

5. Petitioner shall be permitted to depose Angello Della Manna and Laura Wendell.

---

[1] Respondents make the bald assertion that biological "extractions" are not discoverable "biological evidence." (Doc. 302 at 6). However, they offer no explanation or support for this assertion. So, the scope of this Court's Order includes biological extractions.

Done this 27th day of September, 2022.

                                            /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE