IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BARBOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:01-cv-612-ECM |
| | ) | (WO) |
| JOHN Q. HAMM, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

Now pending before the Court is Respondents' ("the State") Motion for Leave for Additional Discovery (doc. 311), filed on November 18, 2022. Petitioner Christopher Barbour ("Barbour") opposes a portion of the requested discovery. (Doc. 313). The State filed a reply to Barbour's opposition. (Doc. 315). For the reasons set out below, the motion is due to be GRANTED in part and DENIED in part.

The State makes six requests for additional discovery. First, they request to depose Matt Mazur ("Mazur"), who was the investigator retained by Barbour to interview and obtain an affidavit from Angela Carmelle Stikes Boschan ("Boschan"). Second, the State asks to depose Gary C. Harmor ("Harmor"), who Barbour presents as a DNA expert. Third, the State requests Barbour disclose any and all biological evidence related to Barbour's actual innocence claim, along with the entity or person that maintains custody or control of said evidence. Fourth, the State requests Barbour disclose and provide any evidence

demonstrating that he is actually innocent, as well as any evidence that he committed the crime for which he was convicted.  Fifth, the State requests Barbour disclose any evidence of Jerry Tyrone Jackson's ("Jackson") juvenile arrests or convictions.  Finally, the State requests Barbour disclose any evidence demonstrating that Jackson, or any other third party, murdered Thelma Roberts ("Roberts").

## II.  DISCUSSION

According to Rule 6(a) of the Rules Governing § 2254 Cases, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See generally Bracey v. Gramley*, 520 U.S. 899, 908–09 (1997) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." (citation omitted)).

### A.    Deposition of Mazur

Barbour argues that the State has not shown good cause under Rule 6(a) to depose Mazur because the work-product privilege prohibits questioning him about the circumstances of his interview with Boschan.  The work-product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see also Hickman v. Taylor*, 329 US

495, 510–14 (1947) (written material and mental impressions prepared or formed by an attorney in the course of performing legal duties on behalf of a client are protected from discovery as the attorney's "work product" in the absence of undue prejudice or hardship to the party seeking discovery). Rule 26(b)(3)(A) ordinarily protects from discovery (1) "documents and tangible things" (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or its representative." Generally, an attorney's work-product privilege extends to investigators and agents hired by the attorney to "compil[e] materials in preparation for trial"; the Supreme Court has extended the work-product doctrine to "protect material prepared by [these] agents." *Nobles*, 422 U.S. at 238–39. The doctrine applies equally to written materials and "personal recollections." *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1192 (11th Cir. 2013) (quoting *Hickman*, 329 U.S. at 510).

The Court is presented here with evidence pertaining to a final, signed, and witnessed third-party statement by Boschan, the circumstances about which the State argues it cannot obtain information without undue hardship. (Doc. 214-3).[1] Indeed, there is an exception to work-product protection wherein relevant trial preparation materials may be discovered if the requesting party shows that it has a substantial need for the materials and it cannot obtain substantially equivalent materials without undue hardship. FED. R. CIV. P. 26(b)(3)(A). Courts have found that "*final*, *signed*, and *notarized third-party affidavits* 'are normally not immune from disclosure for the very reason that an affidavit purports to be a statement of facts within the personal knowledge of the witness,

---

[1] The validity of the statement, the State claims, is at issue because Boschan denies ever providing the statements therein. (*See* Doc. 315 at 6).

3

and not an expression of opinion of counsel.'" *Minor v. Central Forest Prods., Inc.*, 2021 WL 2637384, at *3 (N.D. Ala. Mar. 8, 2021) (quoting *F.D.I.C. v. Arrilaga-Torrens*, 212 F. Supp. 3d 312, 368 (D.P.R. 2016)); *see also Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 422 (D.N.J. 2009) (compelling disclosure of an affidavit in light of the fact that, for the court, the primary purpose of the work product doctrine is "to protect counsel's trial strategies and mental impressions, not [counsel's] choice as to an affiant's testimony of underlying facts"); *Basaldu v. Goodrich Corp.*, 2009 WL 1160915, at *1 (E.D. Tenn. Apr. 29, 2009) (requiring production of affidavits because "[a]n attorney's memorialization of events, effectively acting as a stenographer, does not fall within the sphere of documentation protected by the work product privilege"); *Tuttle v. Tyco Electronics Installation Sers. Inc.*, 2007 WL 456150, at *1 (S.D. Ohio Dec. 21, 2007) (ordering production of third-party affidavits).

Here, Mazur not only obtained the statement from Boschan, he also signed it as a witness. Therefore, the Court finds that a blanket prohibition on deposing Mazur about Boschan's statement, for which he provided some form of attestation, is overly broad. Given the totality of these circumstances, there are relevant questions Mazur could be asked that would not be covered by work-product privilege. Thus, finding good cause, the Court will GRANT the State's motion as it pertains to deposing Mazur.[2]

---

[2] Although permitting the deposition, the Court is cognizant of the fact that "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B). Barbour's attorneys are therefore free to object to questions asked at the deposition that they feel invade the work-product privilege. *See, e.g.*, *Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, 2007 WL 842989, at *5 (M.D. Fla. Mar. 19, 2007) ("Discovery seeking the specific questions asked by a party's agent during an investigation fall within the opinion work product doctrine and are thus, absolutely immune from discovery."); *Alexander v. F.B.I.*,

**B.      Deposition of Harmor**

In his response to the State's request for additional discovery, Barbour indicates he does not oppose the deposition of Harmor.  The Court, finding good cause has been shown, will GRANT the motion as it pertains to deposing Harmor.

**C.      Biological Evidence Pertaining to Barbour's Actual Innocence**

Barbour indicates in his response that he has attached as exhibits—or pointed to evidence already turned over—any and all biological evidence that he has obtained related to his actual innocence claim.  Therefore, the State has not shown good cause for discovery beyond that already provided by Barbour.

**D.      Evidence that Barbour Is Actually Innocent or Committed the Crime**

The State's request for any evidence demonstrating that Barbour is actually innocent, as well as any evidence demonstrating that Barbour committed the crime for which he was convicted is vague and overbroad. *See Valencell, Inc. v. Apple Inc.*, 2017 U.S. Dist. LEXIS 58034, at *8–9 (E.D.N.C. Apr. 17, 2017) (holding that an interrogatory that seeks disclosure of "*all facts and circumstances* supporting or otherwise relating to . . . *each defense and counterclaim*" and identification of "*all persons with knowledge* relevant to such defense and counterclaim, and . . . *all documents and evidence* supporting such alleged defenses and/or counterclaims" is "overbroad and unduly burdensome on its face" because it seeks a "detailed exposition of all evidence underlying its entire case" (emphasis

---

192 F.R.D. 12, 19 (D.D.C. 2000) ("[I]nformation . . . maybe [sic] protected by the attorney work-product privilege if the revelation of the information will tend to reveal the thoughts, opinions, and strategies of Intervenor Clinton's attorneys and their investigators.").

in original)); *Wilcox v. Changala*, 2012 WL 12844083, at *2 (E.D. Wash. Jan. 18, 2012) (holding that an interrogatory "ask[ing] for a detailed account of *every* fact and witness supporting a particular claim" is "over-broad" and a "clear . . . attempt to discover counsel's strategy, what he deems important, and his analysis of the case"). Therefore, the State has not shown good cause for this discovery request.

**E.      Jackson's Juvenile Records**

Barbour indicates that he does not have access to any juvenile arrest or conviction records for Jackson, besides that which the State previously provided to Barbour. He further notes that the State currently has a request pending before the state court for Jackson's juvenile records. The Court concludes that the State has failed to show good cause why the request for records beyond that which has already been exchanged between the parties should be granted.

**F.      Evidence of Third Parties Present at the Murder**

Barbour indicates in his response that all evidence he has obtained relating to third parties that were present at the scene of Roberts' murder has already been turned over to the State. Therefore, the State has not shown good cause for discovery beyond that already provided by Barbour.

### III.  CONCLUSION

Accordingly, upon consideration of the motion and the parties' briefs, and for good cause, it is

ORDERED that the Respondents' motion for leave for additional discovery (doc. 311) is GRANTED to the extent that the Respondents may depose Matt Mazur and Gary C. Harmor.  The depositions must be taken on or before **January 31, 2023**. It is further

ORDERED that the Respondents' motion (doc. 311) is DENIED in all other respects.

Done this 8th day of December, 2022.

＿＿＿＿＿＿＿/s/ Emily C. Marks＿＿＿＿＿＿＿＿＿＿
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE