# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:01-cv-612-ECM |
| ) | |
| JOHN Q. HAMM, Commissioner, ) | |
| Department of Corrections, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

### RESPONDENTS' OBJECTION TO BARBOUR'S MOTION FOR ADDITIONAL DISCVOERY AND DISCLOSURE OF EXPERT WITNESS

Come now Respondents, by and through the Attorney General for the State of Alabama, and file this objection to Barbour's Motion for Additional Discovery and Disclosure of Expert Witness. (Doc 322.) Respondents object and respectfully request that this Court deny Barbour's request for "additional discovery" based on the following grounds:

1.  Initially, Barbour requests that this Court order Respondents to "state whether or not they plan to assert at the evidentiary hearing that Mrs. Roberts and Mr. Jackson had consensual sexual intercourse unrelated to Mrs. Roberts's rape and murder." (Doc. 322 at 2–3.) He also requests that this Court order "Respondents to disclose and provide any evidence supporting that contention" and "any evidence in

the prosecution's possession, not presented at trial, that Mr. Barbour committed the crime for which he was convicted." (*Id.* at 3.) He further asserts that he "reserves the right to call additional witnesses to challenge any new theories presented by the State." (*Id.*) This "discovery" request should be denied for three reasons.

2. First and foremost, this Court has already ordered discovery of "evidence of a sexual relationship" between Mrs. Roberts and Mr. Jackson, as well as "exculpatory and inculpatory evidence" regarding Barbour's guilt or alleged innocence. (*See* Docs. 223, 230.) Thus, such a request here is moot. *See generally Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (when "events that occur . . . deprive the court of the ability to give [a party] meaningful relief, then [the issue] is moot"); *cf. Sullivan v. PJ United, Inc.*, No. 7:13-CV-01275, 2018 WL 6190594, at *2 (N.D. Ala. Feb. 12, 2018) (defendant's motion to compel complaint initial disclosures was denied as moot because "during discovery the Court ordered every opt-in Plaintiff to complete and deliver to Defendants a discovery questionnaire. Any opt-in Plaintiff that did not comply with this Order has since been dismissed"). Respondents have complied, and will continue to comply, with this Court's order regarding discovery. Indeed, Barbour makes no allegation here that Respondents have failed to do so.

3. Second, this is not an instance wherein Barbour has been indicted and the State is prosecuting a case against him. Barbour has already been found guilty

2

by a jury, who recommended he be sentenced to death. *Barbour v. State*, 673 So. 2d 461, 462–63 (Ala. Crim. App. 1994). Instead, Barbour has filed a petition seeking federal habeas relief. (Docs. 1, 59.) In federal habeas proceedings, petitioners—not respondents—hold the burden of proof. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("The petitioner carries the burden of proof."); *House v. Bell*, 547 U.S. 518, 538 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."); *Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir. 1983) ("The burden of proof in a habeas proceeding is always on the petitioner."). As such, Respondents' rebuttal during a future evidentiary hearing, which has not been scheduled, will in part be determined by the evidence Barbour presents.

4. Third, Barbour's motion goes beyond seeking discovery of fact evidence in that Barbour seeks to discover Respondents' legal strategy and requests this Court to order Respondents provide Barbour a roadmap of potential rebuttal Respondents intend to offer at a future date. Specifically, he requests "Respondents [] state whether or not they plan to assert at the evidentiary hearing that Mrs. Roberts and Mr. Jackson had consensual sexual intercourse unrelated to Mrs. Roberts's rape and murder." (Doc. 322 at 2–3.) He has offered no authority to support this request.

But Rule 26(b)(3)(B) of the Federal Rules of Civil Procedure notes that when a district court orders discovery, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See also United States v. Nobles*, 422 U.S. 225, 237 (1975) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)) ("Proper preparation of a client's case demands that [counsel] assemble information, sift what [counsel] considers to be the relevant from the irrelevant facts, prepare [counsel's] legal theories and plan [the] strategy without undue and needless interference."). "Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'" *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citations omitted). Opinion work product, which Barbour seeks here, "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Id.* (citation omitted); *cf. Williamson v. Moore*, 221 F.3d 1177, 1182–83 (11th Cir. 2000) (petitioner's *Giglio* claim did not "present such extraordinary circumstances" to pierce the opinion work product privilege). Barbour has not alleged, let alone shown, that such an exception applies here.

5. Next, Barbour complains that "Respondents still have not produced [juvenile] records [regarding Tyrone Jackson] []or provided further explanation for the[] failure to do so." (Doc. 322 at 4.) He also requests "clarification" regarding

4

Michael Mitchell's juvenile records. (*Id.*) Barbour further appears to complain that Respondents should have filed a request in state court for both Mitchell's and Jackson's juvenile records. (*Id.*) Although this is couched as a discovery request, Respondents note that this Court has already ordered discovery if such juvenile files exist. (*See* Docs. 223, 230.) Thus, to the extent requested here, Barbour's motion is moot. *See generally Najjar*, 273 F.3d at 1335–36; *cf. Sullivan*, 2018 WL 6190594, at *2.

6. Additionally, as noted during the November 30, 2022, status conference, Respondents requested records from the juvenile court regarding both Mitchell and Jackson. (Doc. 322-1 at 13: 1–4.) The request forms were submitted simultaneously. Although Respondents received a response stating that there are no paper or digital records[1] regarding juvenile records for Mitchell (Doc. 310-4 at 2), Respondents have not received any response or ruling from the state court or clerk of court regarding the records requested for Jackson.[2]

Thus, based on the above grounds, Respondents object to Barbour's instant motion. Not only has Barbour failed to establish good cause for the "discovery"

---

1. Undersigned counsel confirmed that the language "any paper of digital records," (*see* Doc. 310-4 at 2), was a typographical error and was intended to read "any paper *or* digital records."
2. Undersigned counsel reached out again to the state court on January 24, 2023, to inquire about the status of the request for Jackson's records and has received no response as of this filing.

5

sought, but he has also failed to demonstrate that an extraordinary circumstance exists warranting piercing the work product privilege. As such, Respondents respectfully request Barbour's motion, to the extent it pertains to a request for discovery, be denied.

Respectfully submitted,

Steve Marshall (MAR083)

*Attorney General*

By:

s/Audrey Jordan
Audrey Jordan
*Assistant Attorney General*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to the following CM/ECF participants: **George Kendall, Jenay Nurse, Samuel Spital, Nicola Cohen, and Miriam Gohara**.

> George Kendall
> george.kendall@squirepb.com
>
> Jenay Nurse
> jenay.nurse@squirepb.com
>
> Samuel Spital
> sspital@naacpldf.org
>
> Miriam Gohara
> miriam.gohara@ylsclinics.org
>
> Nicola Cohen
> nicola.cohen@squirepb.com

> s/Audrey Jordan
> Audrey Jordan
> *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-3637
Email: Audrey.Jordan@AlabamaAG.gov