IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:01-cv-612-ECM |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Now pending before the Court is a motion for additional discovery filed by Petitioner Christopher Barbour ("Barbour") on January 31, 2023. (Doc. 322). The Respondent opposes the additional discovery. (Doc. 328).

Barbour makes three requests for additional discovery. He first requests the Respondent be ordered to "disclose and provide any evidence" that the victim in this case, Thelma Roberts, had a "sexual relationship" with "Jerry Tyrone Jackson." (Doc. 322 at 2–3). Second, Barbour requests that the "Court once again order Respondent[] to produce" any and all documents "related to investigations and prosecutions of Jerry Tyrone Jackson, including sealed juvenile files." (*Id.* at 3–4). Finally, "Barbour requests that the Court order Respondent[] to explain and/or clarify their process for obtaining" Michael Mitchell's ("Mitchell") juvenile records. (*Id.* at 4).

As Barbour acknowledges in his motion, however, the Court has already ordered discovery as to his first two requests. (*See* Doc. 230 at 19). Therefore, because the

Respondent is under a continuing obligation to abide by the Court's discovery orders, Barbour's first two requests for additional discovery are moot. Barbour has provided no reason why a second discovery request for these matters is necessary, nor why the Court must enter a second discovery order.

To his third request, though the Court has not previously ordered discovery on Mitchell's juvenile records, the Respondent represents that it has inquired into these records and "received a response [from the state court] stating that there are no paper or digital records regarding juvenile records for Mitchell." (Doc. 328 at 5). Based upon the Respondent's representation to Barbour, and to this Court, that Mitchell's juvenile records do not exist, Barbour's discovery request as to these documents is denied as futile.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that Barbour's motion (Doc. 322) is DENIED.

DONE this 9th day of February, 2023.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE