IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BARBOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:01-cv-612-ECM |
| | ) | (WO) |
| JOHN Q. HAMM, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Now pending before the Court is a motion to quash the subpoena of Jerry Tyrone Jackson's ("Jackson") juvenile records, filed by the Circuit Clerk of Montgomery County, Gina J. Ishman ("Ishman"). (Doc. 372).  Counsel for Petitioner Christopher Barbour ("Barbour") issued the subpoena for Ishman "to produce and permit inspection of documents, information, or objects of any and all juvenile records to the investigations or prosecutions of Jerry Tyrone Jackson." (*Id.*).  Ishman moves to quash the subpoena because Jackson's juvenile records may include privileged and protected confidential material pursuant to ALA. CODE § 12-15-133 and Alabama Rule of Civil Procedure 45(c)(3)(A)(iii). The Respondent "t[ook] no position on Barbour's motion to subpoena records or on the Clerk's motion to quash." (Doc. 380 at 1).  Counsel for Jackson, as an interested party in this matter, joined in Ishman's motion to quash and "object[ed] to the release of his juvenile records to any third party" as well as "the release of his confidential juvenile records without a specific showing of the materiality." (Doc. 384 at 1).

Barbour, on the other hand, opposes Ishman's motion to quash. (Doc. 385).  As he points out, contrary to Ishman's assertion that ALA. CODE § 12-15-133 applies to these records, federal privilege law controls here because this case is before the Court on federal-question jurisdiction. "[A] claim of privilege in federal court is resolved by federal common law," unless the privilege is invoked with respect to a claim or defense under state law in a civil case. *Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992); *see also* FED. R. EVID. 501.  If "the court's jurisdiction is premised upon a federal question," then the federal law of privilege "provides the rule of decision." *Hancock*, 967 F.2d at 467.  Because jurisdiction in this case is based on Barbour's federal petition for writ of habeas corpus pursuant to 28 U.S.C § 2254, federal laws of privilege apply to this case.

Ishman does not point to a *federal* privilege against producing Jackson's juvenile records under seal and confidentially to the parties.  Because federal privilege law controls, a subpoena must be quashed if, among other things, compliance with the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii).  The Alabama privilege asserted by Ishman does not apply in this case.  She has not pointed the Court to a federal privilege or protection, and the Court has found none, against disclosing Jackson's juvenile records.

The Court does not find it appropriate to recognize a new federal evidentiary privilege under these circumstances.  A federal court's decision to recognize a new privilege is characterized by two principal features.  First, based on a case-by-case basis, courts should consider whether a privilege "promotes sufficiently important interests to outweigh the need for probative evidence." *Pearson v. Miller*, 211 F.3d 57, 66–67 (3d Cir.

2000) (quoting *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996), and *Trammel v. United States*, 445 U.S. 40, 51 (1980)).   Second, courts weigh heavily "considerations against the recognition of new privileges that would impede access to probative evidence." *Pearson*, 211 F.3d at 67 (citing *Jaffee*, 518 U.S. at 9).

Both factors weigh against recognizing Jackson's juvenile records as privileged in this case.  Jackson is forty-eight years old, well beyond the age of minority.  Moreover, the Court has adequately safeguarded both Alabama's and Jackson's interests in keeping his juvenile records confidential by ordering the records be produced under seal and that the parties maintain their confidentiality.  Jackson's juvenile records are probative and material to this case.   Alabama's and Jackson's privacy interests are not so "important . . . to outweigh the need for probative evidence." *Trammel*, 445 U.S. at 51.  Therefore, the Court declines to recognize a "novel privilege[] as part of the federal common law" pertaining to juvenile records. *Pearson*, 211 F.3d at 66.  And because the records are not protected by a federal privilege, Ishman's motion to quash is unavailing.

Jackson moved the Court, in the event that it denied Ishman's motion, to "[o]rder the records to be produced *in camera* for review by the Court to determine their relevance to the pending litigation" and "[o]rder that any and all records produced be properly redacted in accordance with the policies and provisions as set out by the Federal Rules of Procedure." (Doc. 384 at 2).[1]  The Court finds that the records are relevant to this matter and that the safeguards already in place regarding the production of Jackson's records are

---

[1] The Court construes Jackson's request here as a motion.

sufficient to maintain the privacy issues at stake.  Therefore, Jackson's request for the Court

to review the records *in camera* is due to be denied.

Accordingly, for good cause, it is

ORDERED that Ishman's motion to quash (doc. 372) is DENIED.  It is further

ORDERED that Jackson's alternative motion (doc. 384) is DENIED.

DONE this 1st day of June, 2023.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE