# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:01-cv-612-ECM ) |
| JOHN HAMM, Commissioner, Department of Corrections, et al., | ) ) ) ) ) |
| Respondents. | ) |

## RESPONDENTS' MOTION TO LEAVE OPEN
## THE EVIDENTIARY HEARING

Come now Respondents, by and through the Attorney General for the State of Alabama, and respectfully request that this Court leave open the evidentiary hearing to allow Respondents an opportunity to present the entirety of their rebuttal case based on the following grounds:

1. Before discovery was concluded in this case, Barbour filed a motion for an evidentiary hearing on March 8, 2023. (Doc. 332.) The same day, this Court granted Barbour's motion and scheduled the evidentiary hearing for June 28, 2023. (Doc. 333.) Thereafter, Respondents requested to modify the scheduling order to accommodate a scheduling conflict for Dr. Kokoszka. (Doc. 336.) In Barbour's objection, opposing counsel "predicte[d] that three full days w[ould] be sufficient" to conduct an evidentiary hearing in this case. (Doc. 338.) On March 23, 2023, this

1

Court issued an order noting that Barbour had requested "the DNA portion to be heard during the week of June 19, 2023," with "[t]he remainder of each side's evidence [] be presented at the original June 28, 2023, hearing date." (Doc. 339.)

2.  Respondents subsequently moved this Court for clarification noting Barbour's prior representation of Respondents' case (that Respondents would only call Dr. Kokoszka) and that three days would be adequate time to present the cases of both parties was based on assumptions made by opposing counsel. (Doc. 341 at 2, n.2.) Respondents also noted that opposing counsel had stated during a call with Respondents in February 2023 that they anticipated taking two-to-three days to present Barbour's case. (Doc. 341 at ¶ 3.)

3.  Respondents requested this Court to clarify whether Respondents "would be afforded an opportunity to present their full remaining rebuttal evidence should . . . the time designated be insufficient for the parties to present their respective cases." (*Id.* at 3.)

4.  Thereafter, this Court issued an order noting that:

[This] Court has currently set aside June 20, 28, 29, and 30, 2023, for these proceedings. The parties are not under any limitation by the Court regarding how they utilize that time. The only dates the Court has set aside for these proceedings are those listed above. Should the parties need additional time, they may file an appropriate motion.

(Doc. 342.)

5. Notably, discovery remained on-going at this time, with Dr. Charles Honts being deposed the same day that this Court issued its order. Additionally, the parties' witness and exhibit lists were not disclosed until May 24, 2023. As noted during yesterday's status conference, Respondents interpreted this Court's order to mean that the appropriate time to file a motion to leave open the proceedings would occur during the hearing, thereby considering not only the fact that discovery would be complete at that time, but also considering that witness and exhibit lists would have been disclosed and the parties and this Court would have an opportunity to gauge how quickly (or slowly) evidence was being presented during the hearing. Given this Court's statements during yesterday's status conference, however, Respondents are filing the instant motion before the hearing.[1]

6. Respondents note that Barbour proposed a three-day hearing timeframe to this Court (without conferring with Respondents), albeit presumably in good faith; however, his subsequent witness list includes seven witnesses he "expects to present," five of whom are expert witnesses. (Doc. 366.) Even assuming, arguendo, that the direct *and* cross examination of each of Barbour's experts spanned only one half of a day (or approximately three-to-four hours), testimony from Barbour's

---

1. Respondents have already sought to leave the evidentiary hearing open to allow Mr. Neil, one of the prosecutors who tried Barbour's case, to provide testimony. (Doc. 408.) Mr. McNeil is undergoing a major, necessary medical procedure the week of June 26th.

3

expert witnesses *alone* could foreseeably take two-and-a-half of the four days allotted by this Court. Barbour also has three facts witnesses (assuming Barbour does not call those witnesses designated as "may call if need arise,"), two of whom have previously provided declarations to this Court. Even with a generous estimate of one-to-two hours per fact witness to conduct both direct and cross-examination of these three witnesses, approximately one day[2] remains for Respondents to present their rebuttal case and defend against the evidence Barbour intends to present during the hearing, as well as evidence already supplemented into the record (such as Dr. Richard Leo's report regarding false confessions and the unverified declarations of LaKeisha Hall, William Roberts, Lola Roberts, and Niquita Smith, which, in part, speculate as to Mr. Jerry Tyrone Jackson's involvement in Mrs. Thelma Roberts' murder (*see* Doc. 155)).

7. The validity, credibility, and reliability of Barbour's gateway actual innocence claim is at issue in the upcoming evidentiary hearing. As indicated by the focus of this Court's previous discovery orders, (*see, e.g.*, Doc. 168), that includes not only the credibility and reliability of the unverified declarations previously offered by LaKeisha Hall, William Roberts, Lola Roberts, and Niquita Smith; the credibility and reliability of the allegations of police misconduct (which include

---

2. These estimates are assuming that evidence would be received during traditional business hours.

4

affidavits by Melvin Roberts and Cedric Evans); the credibility and reliability of both the investigation, particularly regarding Barbour's polygraph and confessions, and prosecution, particularly regarding whether there was other evidence (aside from his confessions) of Barbour's guilt, surrounding Mrs. Thelma Roberts' murder, but also includes the validity, credibility and reliability of the DNA evidence offered by Barbour and his assertion that Mr. Jackson murder Mrs. Thelma Roberts.

8. The question of whether Barbour has met his burden of a gateway actual innocence claim is disputed. As such, Respondents have the right to present evidence to rebut Barbour's evidence and show that his gateway actual innocence claim lacks validity, credibility, and reliability. *See Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 122 (1934)) ("[J]ustice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance."). Moreover, as asserted during yesterday's hearing, the witnesses listed on Respondents' list are not cumulative. Each witness is offered to rebut specific evidence of material facts that Barbour has, or may, present to this Court in support of his gateway actual innocence claim.

Wherefore, based on the above, Respondents respectfully request that this Court grant Respondents' request to leave open the evidentiary hearing to provide Respondents an opportunity to present the entirety of their rebuttal. Respondents

also request that this Court find that any of Respondents' witnesses subpoenaed for the evidentiary hearing, but not called due to a lack of time, remain under subpoena, and find that such witnesses have a continuing duty to appear for any additional evidentiary hearing dates. *Cf. Clark v. Hercules Inc.*, 2021 WL 4318413, at *2 (M.D. Fla. Jan 19, 2021) ("[P]laintiff's argument that the subpoena is stale because the stated date has past is meritless. While the subpoena set the deposition for July 10, 2019, this Court has found that '[a] subpoena presents a continuing duty to appear and does not expire upon its stated date.'") (citation omitted); *see also Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80 (S.D. Fla. 1989) (person has continuing duty to appear under subpoena; expiration not grounds for complaint). Further, Respondents respectfully request this Court set a scheduling conference to determine an appropriate date to present any remaining evidence, including, but not limited to, testimony from Mr. McNeil.

        Respectfully submitted,

        Steve Marshall (MAR083)

        *Attorney General*

        By:

        s/Audrey Jordan
        Audrey Jordan
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to the following CM/ECF participants: **George Kendall, Samuel Spital, Nicola Cohen, Daniel Loehr, Theodore Shaw, Carnie Williams, Santino Coleman, and Miriam Gohara**.

George Kendall
george.kendall@squirepb.com

Daniel Loehr
daniel.loehr@ylsclinics.org

Samuel Spital
sspital@naacpldf.org

Theodore Shaw
tshaw@naacpldf.org

Miriam Gohara
miriam.gohara@ylsclinics.org

Carnie Williams
Carnie.williams@squirepb.com

Santino Coleman
scoleman@naacpld.org

Nicola Cohen
nicola.cohen@squirepb.com

s/Audrey Jordan
Audrey Jordan
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Email: Audrey.Jordan@AlabamaAG.gov

7