IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:01-cv-612-ECM |
| ) | (WO) |
| JOHN Q. HAMM, Commissioner, ) | |
| Alabama Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Now pending before the Court is the Respondent John Q. Hamm's ("the State") motion to disqualify the Petitioner Christopher Barbour's ("Barbour") counsel, Miriam Gohara ("Gohara"). (Doc. 409). For the reasons below, the motion is due to be DENIED.

**I. BACKGROUND**

A jury found Barbour guilty and sentenced to him death for the murder of Thelma Roberts ("Roberts") during a rape, arson, and robbery committed in 1992. Days before his scheduled execution, Barbour filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on May 21, 2001. The district court judge presiding over the case at the time stayed his execution pending resolution of the petition. Gohara has served as Barbour's counsel since that time. The State now seeks to disqualify Gohara as Barbour's counsel because, it argues, she is a necessary and material witness who will testify regarding a DNA sample that may serve to show Barbour is actually innocent.

In 2021, DNA testing on anal and vaginal sperm samples retrieved from Roberts post-mortem pointed conclusively to another suspect as the sole source of the sperm: Jerry Tyrone Jackson ("Jackson"). Prior to 2021, no testing conclusively identified the sperm's source. On September 28, 2021, the Acadiana Criminalistics Laboratory entered "the sperm fraction of the vaginal swab" into the Combined DNA Index System ("CODIS") database. (Doc. 187-1 at 2). CODIS found a match between "the major contributor DNA profile from the sperm fraction of the vaginal swab and" a DNA profile belonging to Jackson. (*Id.*).[1] Barbour argues that this newly discovered evidence is sufficient for him to proceed through the actual innocence gateway under *Schlup v. Delo*, 513 U.S. 298 (1995). The only testing completed at the time of Barbour's murder trial in 1993 was a less sophisticated form of DNA testing utilizing DQ Alpha strips. Referencing the DQ Alpha strips for Roberts' vaginal and anal swabs, the DNA expert at trial identified sperm found on the victim, for which Barbour could not conclusively be excluded as a potential source.

In addition to the 2021 DNA testing, Barbour also presented evidence of DQ Alpha testing completed by Gary Harmor ("Harmor") in 2010 on DNA obtained from Jackson. Based on a DNA sample obtained from Jackson, Harmor created his DQ Alpha DNA profile. Harmor then reviewed the DQ Alpha profiles created at trial for Barbour and Roberts' vaginal swab. Based on these results, Harmor concluded that "Jerry T. Jackson and/or Christopher Barbour could be the donor of the semen on the vaginal swabs." (Doc.

---

[1] Jackson's DNA was presumably in the CODIS database because, in 2003, Jackson was sentenced to life in prison for murdering a woman.

313-1 at 4). At an evidentiary hearing on June 20, 2023, Barbour solicited testimony from Harmor on this conclusion in support of his *Schlup* gateway actual innocence claim.

The State now seeks testimony from Gohara, and consequently her disqualification as counsel, regarding how Barbour's team obtained Jackson's DNA and how it transported it to Harmor to be tested in 2010. The State represents that following Jackson's conviction for a different murder in 2003, Gohara, who works for the Innocence Project, visited him at Kilby Correctional Facility and "obtained from Mr. Jackson a handwritten letter requesting assistance of counsel for Mr. Jackson's impending direct appeal." (Doc. 420 at 3). Jackson placed the letter inside a sealed envelope. (Doc. 420-1). This envelope remained sealed with a sticky note reading, "Collected by Miriam Gohara . . . Jerry Tyrone Jackson 9/3/03 Kilby Corr. Center Montgomery, AL." (Doc. 355-5). Barbour's counsel submitted the envelope to Harmor in 2010 to conduct DQ Alpha testing on the saliva sealant—presumably Jackson's. Barbour's counsel has not disclosed why or in what manner the sample was collected by Gohara, how it was stored for seven years, or why they waited until 2010 to test the sample. Because, as the State argues, "Gohara is the only witness available with personal knowledge regarding the circumstances surrounding the apparent collection of Mr. Jackson's DNA in 2003," they contend that she "is a necessary witness for Barbour's evidentiary hearing" for his *Schlup* gateway actual innocence claim. (Doc. 420 at 6).

## II. DISCUSSION

The State seeks to disqualify Gohara from representing Barbour in this matter because she is likely to be called to testify as a necessary witness at the evidentiary hearing.

3

To support disqualification, the State turns to Alabama Rule of Professional Conduct 3.7, which prohibits lawyers from simultaneously acting as an advocate at trial and as a necessary witness in that same trial. Rule 3.7(a) states:

> [A] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client.

ALA. R. PROF. CONDUCT 3.7. A "necessary witness is one who has crucial information in [her] possession which must be divulged" and whose testimony is "relevant, material, and unobtainable elsewhere." *Gray v. Koch Foods, Inc.*, 2021 WL 4184880, at *4 (M.D. Ala. Sept. 14, 2021) (citing *Lane v. State*, 80 So. 3d 280, 299 (Ala. Crim. App. 2010)).

Two sources of authority govern motions to disqualify. First, "attorneys are bound by the local rules of the court in which they appear." *Herrmann v. Gutterguard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citing *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 380 F.3d 1331, 1338 (11th Cir. 2004)). Second, "federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Id.* Four principles guide this Court in evaluating the State's motion for disqualification. *Gray*, 2021 WL 4184880, at *3. First, "courts should hesitate to impose" the "drastic measure" of disqualification "except when absolutely necessary." *Hershewe v. Givens*, 89 F. Supp. 3d 1288, 1291 (M.D. Ala. 2015). Second, due to "the impact a motion to disqualify has on the party losing [his] counsel, the moving party is held to a high standard of establishing the basis for the motion, and the need for disqualification." *Id.* Third, the Court must look for curative and "less drastic alternatives

4

to disqualification." *Gray*, 2021 WL 4184880, at *3. Fourth and finally, "because a motion for disqualification is such a potent weapon and can be misused as a technique for harassment, the court must exercise extreme caution in considering [disqualification]." *Hershewe*, 89 F. Supp. 3d at 1291.

The State does not successfully carry its heavy burden to show that, on this record, Gohara is a necessary material witness. The State fails to establish that Gohara is the only individual with access to facts that are "relevant [and] material." *Gray*, 2021 WL 4184880, at *4. Additionally, Barbour faces substantial prejudice if his counsel—who has represented him and has intimate knowledge of this case since its inception in 2001—should be disqualified over a matter which the State fails to show is material at this stage of the case. *See id.* Therefore, the Court finds that Gohara is not a necessary witness.

### III. CONCLUSION

Accordingly, and for good cause, it is

ORDERED that the motion (doc. 409) is DENIED. It is further

ORDERED that the State's motion to call Gohara as a witness or alternatively expand the record (doc. 420) is DENIED.

DONE this 27th day of June, 2023.

                              /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE