IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:01-cv-612-ECM |
| | ) [WO] |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

In 2021, this Court granted Petitioner Christopher Barbour's ("Barbour") motion for DNA testing of evidence collected at the scene of Thelma Roberts' murder, concluding that Barbour had established good cause for such discovery because his specific factual allegations, if fully developed and proven true, would support the essential elements of his *Schlup*[1] actual innocence claim. (Doc. 168). The Court subsequently granted additional motions for discovery brought by Barbour and Respondent John Q. Hamm ("Respondent") relevant to the *Schlup* claim (*e.g.*, docs. 230, 307) and, for at least some discovery, to also support Barbour's freestanding innocence claim under *Herrera v. Collins*, 506 U.S. 390 (1993) (doc. 230 at 12–13). Earlier this year, the Court concluded that Barbour met his burden of demonstrating actual innocence under *Schlup*, thereby excusing the untimeliness of his federal habeas petition. (Doc. 473). Now pending before the Court is Barbour's opposed motion for Rule 26(e) discovery supplementation and proposed discovery

---

[1] *Schlup v. Delo*, 513 U.S. 298 (1995).

schedule. (Doc. 482). The motion is fully briefed and ripe for review. Upon consideration of the motion and the parties' submissions, and for the following reasons, the Court finds that Barbour's motion is due to be granted.

Barbour seeks supplemental or corrective information from several categories, including (1) all previously ordered discovery of DNA testing conducted by the State; (2) any other evidence favorable to Barbour or that implicates Barbour; and (3) all previously ordered discovery related to witnesses such as Jerry Tyrone Jackson, Christopher Hester, Michael Mitchell, and Angela Stikes.[2] Barbour contends that Federal Rule of Civil Procedure 26(e) applies in this habeas proceeding and imposes an affirmative duty upon the Respondent to supplement his discovery responses without a need for Barbour to again show good cause. Barbour also seeks from the Respondent a revised privilege log containing information required by Rule 26(b)(5)(A) and this Court's Local Rules, which Barbour contends was omitted from the Respondent's original privilege log. Barbour further requests that, within fourteen days of the Court's ruling on the instant motion, the Respondent (1) provide Barbour verification of whether any additional or corrective information is within the Respondent's possession, custody, or control—and if so, disclose that information—as to the three categories of information listed above; and (2) provide Barbour a revised privilege log.

---

[2] Barbour asserts that the Court granted his discovery requests for the information in categories (2) and (3) in a March 27, 2022 Order (doc. 230). (*See* doc. 482 at 6 nn.4–5). Barbour also appears to assert that the Court granted his discovery request for the information contained in category (1) in a September 27, 2022 Order (doc. 307). (*See* doc. 482 at 5 n.3).

While he does not oppose providing Barbour a revised privilege log within fourteen days of the Court's ruling on Barbour's motion (doc. 486 at 7 n.4), the Respondent opposes the rest of Barbour's request. The Respondent advances several arguments why he believes Barbour is not entitled to supplemental discovery: (1) Rule 26(e) does not apply here because Rule 6 of the Rules Governing Section 2254 Cases ("Habeas Rules")—not the Federal Rules of Civil Procedure ("Civil Rules")—governs discovery in habeas proceedings; and (2) Barbour has not shown good cause for supplemental discovery.[3]

The first issue before the Court is whether Civil Rule 26(e) applies in this habeas proceeding. Civil Rule 26(e) requires parties to supplement or correct its discovery disclosures and responses in certain circumstances:

> (e) Supplementing Disclosures and Responses.
> (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>> (B) as ordered by the court.
> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information

---

[3] The Respondent also contends that Barbour failed to comply with the Court's Order (doc. 443) to confer with the Respondent in good faith before filing the instant motion, and that Barbour's failure to confer is grounds for denial of the motion. The Court disagrees with the Respondent's characterizations of Barbour's pre-filing conduct (such as the contention that Barbour unilaterally set a response deadline), and the Court finds that Barbour sufficiently complied with the Court's directive to confer in good faith.

3

>must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e).

"[T]here are two sources of procedural rules in § 2254 proceedings" like this one, and the Habeas Rules are the "primary source." *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014). "However, if the Habeas Rules do not fully delineate the proper procedure, or if the requirements under these Rules are not clear, courts may turn to the Federal Rules of Civil Procedure . . . to fill in any procedural gaps and resolve lingering ambiguities." *Id.* (citing Rules Governing § 2254 Cases, Rule 12). Habeas Rule 12 in turn provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to" a habeas proceeding. And the Advisory Committee's Note[4] explains that Habeas Rule 12 "allow[s] the court considering the [habeas] petition to use any of the rules of civil procedure (unless inconsistent with these rules of habeas corpus) when in its discretion the court decides they are appropriate under the circumstances of the particular case." Rules Governing § 2254 Cases, Rule 12 advisory committee's note to 1976 adoption (parenthetical in original). The Court thus begins with the Habeas Rules.

The Respondent is correct that under the Habeas Rules, a party in a habeas proceeding may conduct discovery only upon a showing of good cause. *See* Rules Governing § 2254 Cases, Rule 6(a) ("A judge may, for good cause, authorize a party to

---

[4] *See United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (explaining that "the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule").

conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.").[5] But Habeas Rule 6(a)'s mandate of good cause to *conduct* discovery, by itself, sheds little light on the issue of whether Civil Rule 26(e)'s duty to supplement discovery responses applies in habeas proceedings. The Court thus finds the Respondent's invocation of Habeas Rule 6(a) unhelpful in resolving this issue.

The Habeas Rules do not directly address whether a party who has answered discovery has a duty to supplement or correct its responses, and the Respondent fails to identify a Habeas Rule or statutory provision which is inconsistent with Civil Rule 26(e), *see* Rules Governing § 2254 Cases, Rule 12. Thus, the Court will also examine the Federal Rules of Civil Procedure in determining Civil Rule 26(e)'s applicability to habeas proceedings. *See Rodriguez*, 748 F.3d at 1076 (citing Habeas Rule 12 and taking this approach where "the Habeas Rules do not fully delineate the proper procedure, or if the requirements under these Rules are not clear," and "the Civil Rules relevant to the resolution of th[e] case are not inconsistent with the Habeas Rules or any other statutory provision").

Several discovery-related Civil Rules do not apply in habeas proceedings. For example, Civil Rule 26(a)(1)(B)(iii) exempts habeas proceedings from Civil Rule

---

[5] In this respect, the Habeas Rules and the Civil Rules treat discovery differently because Civil Rule 26 contains no good cause requirement. Instead, while a party generally may not seek discovery "before the parties have conferred as required by Rule 26(f)," FED. R. CIV. P. 26(d)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," FED. R. CIV. P. 26(b)(1).

5

26(a)(1)(A)'s initial disclosure requirement.⁶  The Civil Rules also treat habeas proceedings differently with respect to the timing of discovery and the timing of the parties' obligation to confer about a discovery plan. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."); FED. R. CIV. P. 26(f)(1) ("Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).").

But a similar carveout for habeas proceedings is notably absent from Civil Rule 26(e).  Considering Civil Rule 26 as a whole, the rule drafters knew how to exempt habeas proceedings from the Rule's requirements and did so with respect to initial disclosures and other matters—but not supplementation.  Thus, Civil Rule 26(e)'s silence about habeas proceedings supports a finding that the Civil Rules do not exempt habeas proceedings from the duty to supplement. *Cf. United States v. Talley*, 83 F.4th 1296, 1304 (11th Cir. 2023) ("Congress knew how to authorize tolling a term of supervised release, but it chose not to do so in the fugitive context.  'Where Congress knows how to say something but chooses not to, its silence is controlling.'" (citation omitted)); ANTONIN SCALIA & BRYAN A.

---

⁶ The Respondent seizes upon the Civil Rules' initial disclosure exemption as evidence that Civil Rule 26(e) does not apply in habeas proceedings.  But the Respondent's focus on the initial disclosure exemption is misplaced because Civil Rule 26(e) imposes a duty to supplement or correct initial disclosures *and* interrogatories, requests for production, and requests for admission. *See* FED. R. CIV. P. 26(e)(1).  Thus, Civil Rule 26(a)(1)(B)'s initial disclosure exemption does not resolve the issue before the Court.

6

GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 181–82 (1st ed. 2012) ("The familiar 'easy-to-say-so-if-that-is-what-was-meant' rule of statutory interpretation has full force here.  The silence of Congress is strident." (quoting *Comm'r v. Beck's Est.*, 129 F.2d 243, 245 (2d Cir. 1942))).

The Court thus discerns nothing in the Civil Rules or the Habeas Rules to support the proposition that Rule 26(e) does not apply in habeas proceedings, and the Respondent fails to identify a decision from any court which stands for that proposition.  Moreover, the Court can conceive of no compelling reason why, after good cause has been established to conduct discovery in a habeas proceeding, the requirement to supplement discovery responses should not also apply. *See Rodriguez*, 748 F.3d at 1076–77 (reaching a similar conclusion that the Civil Rules' requirement that pleadings and exhibits to pleadings be served on the parties applies in habeas proceedings, even though "[t]he Habeas Rules do not explicitly require service of the answer on a habeas petitioner").

Returning to Habeas Rule 12 and the Advisory Committee's Note thereto, the Court in its discretion finds that the application of Civil Rule 26(e) is "appropriate under the circumstances of th[is] particular case" because the Court's finding of actual innocence under *Schlup*—and the discovery allowed on *Schlup*—may be relevant to additional issues of procedural default as well as the merits.  Actual innocence is a "fundamental miscarriage of justice exception" allowing a state prisoner to pursue the merits of his constitutional claims despite the existence of a procedural bar. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  The United States Supreme Court has "applied the miscarriage of justice exception to overcome various procedural defaults," including filing deadlines, "failure to develop

7

facts in state court," and "failure to observe state procedural rules." *Id.* at 392–93 (first citing *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11–12 (1992); then citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) and *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Indeed, in his response to Barbour's third amended habeas petition, the Respondent asserts that several of Barbour's claims are procedurally defaulted because Barbour allegedly failed to raise the claims in state court or develop the facts in state court, including Barbour's freestanding innocence claim under *Herrera* (doc. 485 at 34–35), a *Brady*[7] claim (doc. 485 at 36), and a *Napue*[8] claim (doc. 485 at 40). Thus, the Court's *Schlup* actual innocence finding—and the discovery allowed on *Schlup*—may be relevant to other issues of procedural default in this case. Given this posture, there is a practical need to supplement or correct information produced in discovery (if such information exists and has not otherwise been made known) to facilitate the resolution of alleged procedural bars. These circumstances support a finding that requiring discovery supplementation is appropriate in this case.

Additionally, because the Court's *Schlup* decision merely excused the untimeliness of Barbour's petition, the merits of his petition remain to be decided. And the Court found that Barbour had shown good cause for discovery of (among other items) law enforcement's investigation of Mrs. Roberts' murder and the investigation of Barbour, Christopher Hester, and any other suspects, to support both Barbour's *Schlup* actual

---

[7] *Brady v. Maryland*, 373 U.S. 83 (1963).

[8] *Napue v. Illinois*, 360 U.S. 264 (1959).

innocence claim *and* his freestanding innocence claim under *Herrera*. (*See* doc. 230 at 12–13). For substantially similar reasons explained above, there is a practical need to supplement or correct information (if such information exists and has not otherwise been made known) to facilitate the resolution of the merits of Barbour's petition. These circumstances also support a finding that requiring discovery supplementation is appropriate in this case. In sum, upon review of the Habeas Rules, the Federal Rules of Civil Procedure, and the parties' submissions, and pursuant to Habeas Rule 12, the Court finds that Rule 26(e) applies in this proceeding.

The Respondent further resists Barbour's position by arguing that Barbour cannot show good cause for discovery supplementation because the Court only found good cause for discovery on the *Schlup* actual innocence gateway and, according to the Respondent, such discovery is now closed because the Court decided the *Schlup* issue. The Respondent is wrong several times over. First, his argument rests on the flawed premise that Civil Rule 26(e) imposes a good cause requirement—but it does not. If a party learns that its prior discovery response is incomplete or incorrect in some material respect (and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"), then the party "*must* supplement or correct its disclosure or response . . . in a timely manner." FED. R. CIV. P. 23(e)(1)(A) (emphasis added). Second, as explained above, the Court found that Barbour had shown good cause for at least some discovery to support both his *Schlup* actual innocence claim *and* his freestanding innocence claim under *Herrera*. (*See* doc. 230 at 12–13). Thus, the record undermines the Respondent's contention that the Court authorized discovery only on the

9

*Schlup* issue. Third and finally, the Court's finding of actual innocence under *Schlup*—and the discovery allowed on *Schlup*—may be relevant to additional issues of procedural default, as explained further above. These circumstances support a finding that "*Schlup* discovery" is not closed. For these reasons, the Court rejects the Respondent's contentions that discovery was limited to the *Schlup* actual innocence issue and that *Schlup* discovery is now closed.

Even if discovery on the *Schlup* issue were closed, that fact (if it be a fact) would not eliminate the Respondent's duty to supplement his discovery responses. This Court agrees with the courts which have concluded that the duty to supplement discovery continues even after discovery is closed. *See, e.g.*, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (concluding that plaintiff "had a continuing duty to disclose information" relevant to damages "even after discovery closed") (citing FED. R. CIV. P. 26(e)); *Fair Fight Action, Inc. v. Raffensperger*, 2022 WL 6354499, at *2 (N.D. Ga. Mar. 25, 2022); *Dayton Valley Invs., LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010) ("[Rule 26(e)] does not limit the time for supplementation of prior disclosures to the discovery period. . . . [T]he mere fact that supplemental information is provided or requested after the discovery cutoff date is not dispositive."). This principle applies with equal force here, where the Court's *Schlup* decision merely excused the untimeliness of Barbour's habeas petition and thus was not a final order, and additional alleged procedural defaults as well as the merits of Barbour's petition remain to be decided.

Having determined that Rule 26(e) applies in this proceeding, the Court now considers Barbour's proposed discovery schedule. The Court has "broad discretion" in the

scheduling of discovery. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Given the unique circumstances of this case, which warrant proceeding expeditiously, and the Respondent's lack of objection to Barbour's proposed schedule, the Court finds Barbour's proposed schedule reasonable and will adopt it.

Nothing contained in this Order shall be interpreted as an order from this Court that a good faith objection to any of Barbour's requests to supplement discovery should not be made or that such an objection has been or will be overruled. To the extent the Respondent believes that Barbour's requested supplementation is objectionable (on grounds other than those which the Court has already rejected in this Order), the Respondent may make appropriate objections.[9] The Respondent is cautioned, however, that frivolous, conclusory, general, or boilerplate objections will not be tolerated.

Additionally, to the extent the Respondent has a good faith belief that any of the supplemental information Barbour seeks has "otherwise been made known to [Barbour] during the discovery process or in writing," *see* FED. R. CIV. P. 23(e)(1)(A), the Respondent shall state with specificity when and how the information was otherwise made known to Barbour.

Accordingly, it is

ORDERED that Barbour's motion (doc. 482) is GRANTED as follows:

---

[9] The Respondent suggests, for example, that Barbour's requested supplementation may not fall within the scope of a prior discovery Order, or that a privilege may apply. (Doc. 486 at 4 n.2). The Court expresses no view at this stage as to the merits of any objections which may be raised.

11

1.  As soon as practicable, but **no later than December 2, 2024**, the Respondent shall provide Barbour verification of whether any additional or corrective information is within the Respondent's possession, custody, and control—and if so, disclose that information—as to these three categories of information: (1) all previously ordered discovery of DNA testing conducted by the State; (2) any other evidence favorable to Barbour or that implicates Barbour; and (3) all previously ordered discovery related to witnesses such as Jerry Tyrone Jackson, Christopher Hester, Michael Mitchell, and Angela Stikes;

2.  On an ongoing basis, if either party learns that its prior discovery response is incomplete or incorrect in some material respect (and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"), then the party "must supplement or correct its disclosure or response . . . in a timely manner." *See* FED. R. CIV. P. 23(e)(1)(A);

3.  As soon as practicable, but **no later than December 2, 2024**, the Respondent shall provide Barbour a revised privilege log which complies with Federal Rule of Civil Procedure 26(b)(5)(A) and this Court's Local Rules.

DONE this 18th day of November, 2024.

                            /s/ Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE