IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOHN Q. HAMM, Commissioner, ) <br> Alabama Department of Corrections, ) <br> ) <br>    Respondent. ) | CASE NO. 2:01-cv-612-ECM <br> [WO] |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On August 22, 2025, this Court granted in part and denied in part Petitioner Christopher Barbour's ("Barbour") Third Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "merits opinion"). (Doc. 527). This Court granted relief on Barbour's claims brought pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), but denied all other claims in Barbour's petition. Additionally, this Court issued a final judgment and conditional release order, requiring the State of Alabama to release Barbour or conduct a new trial for him within ninety days of the date of the judgment. (Doc. 528). The Court's merits opinion and final judgment followed the Court's opinion finding that, "[u]pon the holistic evaluation of all the evidence in this case," it was "more likely than not that no reasonable juror would have found [Barbour] guilty beyond a reasonable doubt." (Doc. 473 at 104 (second alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

On August 29, 2025, Respondent John Q. Hamm, Commissioner of the Alabama Department of Corrections (the "Respondent"), filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit. (Doc. 529). On September 10, 2025, the Respondent filed a Motion to Stay Judgment Pending Appeal, asking this Court to stay its judgment and conditional release order while the Respondent appeals that judgment to the United States Court of Appeals for the Eleventh Circuit and, if necessary, seeks certiorari in the Supreme Court of the United States. (Doc. 534). Barbour filed a response in opposition to the Respondent's motion to stay (doc. 539), and the Respondent replied in support of his motion (doc. 540). The matter is ripe for review.

For the reasons that follow, the Court concludes that the Respondent's motion to stay is due to be granted.

## II. STANDARD OF REVIEW

Both parties agree that the determination of whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standards set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). In *Hilton*, similarly to this case, the district court granted habeas relief to a petitioner and ordered him released unless the State of New Jersey afforded him a new trial within thirty days. *Id.* at 773. The state then moved the district court to stay its order pending the state's appeal, but the district court denied the motion, finding that it could only grant the state's request if the state could demonstrate that the habeas petitioner would not appear for subsequent proceedings. *Id.* The state appealed to the Third Circuit, and the Third Circuit affirmed the denial of the motion to stay. *Id.* The Supreme Court of the United States granted certiorari to decide what factors are relevant

2

to the determination of whether a successful habeas petitioner should be released pending the state's appeal. *Id.* at 772.

The Supreme Court first noted that, while Federal Rule of Appellate Procedure 23(c) creates a presumption that successful habeas petitioners should be released from custody,[1] a federal court may delay the release of a successful habeas petitioner in order to provide the state an opportunity to correct the constitutional violation found by the federal court. 481 U.S. at 774–75. The Court reasoned that a federal court's power to delay release stems from federal habeas corpus practice, as reflected by decisions of the Supreme Court, which indicate that federal courts have "broad discretion in conditioning a judgment granting habeas relief." *Id.* at 775; *see also id.* (observing that federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters "as law and justice require"). The Court opined that "it would make little sense if this broad discretion allowed in fashioning the judgment granting relief to a habeas petitioner were to evaporate suddenly when either the district court or the court of appeals turns to consideration of whether the judgment granting habeas relief should be stayed pending appeal." *Id.*

Then, observing that federal habeas corpus proceedings are civil in nature, the Supreme Court held that the traditional factors governing the power of district and appellate

---

[1] Rule 23 controls the custody or release of a prisoner in a habeas corpus proceeding that is on appeal. Subsection (c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c).

3

courts to stay a civil judgment under Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)[2] are equally applicable to the determination of whether a successful habeas petitioner should be released pending appeal. *Id.* at 775–76.  The Supreme Court stated that these traditional stay factors are:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 776.  Thus, the Supreme Court held that the presumption in favor of release of a successful habeas petitioner found in Fed. R. App. P. 23(c) "may be overcome if the traditional factors tip the balance against it." *Id.* at 777.

The Supreme Court also cautioned that, since the traditional stay factors "contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Id.*  The Court then listed several other factors that federal courts may consider in habeas cases particularly, such as the possibility of the petitioner fleeing if he is released, the risk that the petitioner will pose a danger to the public if he is released, and the state's interest in continuing custody and rehabilitation of the petitioner pending the final determination of the case on appeal. *Id.*  Regarding the dangerousness of the petitioner, the Court emphasized that a habeas petitioner has already been adjudged guilty beyond a reasonable doubt by a judge or jury and that adjudication of guilt has been upheld

---

[2] Fed. R. Civ. P. 62(d) provides that when an appeal is pending from a judgment that "grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction," the court is permitted to, in its discretion, "suspend, modify, restore, or grant an injunction" during the pendency of the appeal. Fed. R. Civ. P. 62(d).  Fed. R. App. P. 8(a) provides for the making of a motion for a stay of a judgment pending appeal in the court of appeals if the district court first denied the motion. Fed. R. App. P. 8(a).

by the appellate courts of the state. *Id.* at 779. The Court thus reasoned that, even though a federal district court has held that judgment of conviction to be constitutionally infirm, that determination may still be overturned on appeal. *Id.* Thus, the Court held that the concept of due process does not prohibit a federal court from considering, along with the other factors, a habeas petitioner's dangerousness to the community. *Id.* Regarding the third factor, the state's interest in the continued custody and rehabilitation of the petitioner, the Court noted that the case for continued custody is strongest where the remaining portion of the petitioner's sentence is long and weakest where it is short. *Id.* at 777. The Court also stated that the petitioner's interest in his own release pending appeal is "always substantial" and will be the strongest where the three factors mentioned above are weakest. *Id.* at 777–78.

Finally, turning back to the four traditional stay factors, the Supreme Court noted that "the balance may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* at 778. The Court stated that "[w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* If the state's showing falls below this level, the Supreme Court stated, "the preference for release should control." *Id.*

### III. DISCUSSION

Because most of the stay factors discussed in *Hilton* counsel in favor of staying the Court's judgment and conditional relief order pending appeal, the Court in its discretion will do so.

As to the Respondent's likelihood of success on the merits, the parties vehemently disagree as to whether the Respondent will likely prevail on the merits of his challenge to Barbour's *Brady* and *Napue* claims on appeal, devoting most of their briefs to this factor. For the reasons explained in the Court's merits opinion (*see* doc. 527), the Respondent has not made a "strong" showing of his likelihood of success on appeal. *See Hilton*, 481 U.S. at 778. However, *Hilton* allows leeway for a lesser showing of a "substantial" case on the merits if the movant can also show that the second factor (irreparable injury) and the fourth factor (the public interest) weigh in favor of a stay. *Id.* The Respondent has made this lesser showing, albeit barely. And as explained further below, the Court finds that the irreparable injury and public interest factors weigh in favor of a stay.

The second factor, whether the Respondent will be "irreparably injured absent a stay," *Hilton*, 481 U.S. at 776, favors a stay of this Court's conditional release order. As an initial matter, the Court acknowledges that the Respondent is a litigant representing the State of Alabama in this proceeding, and the Montgomery County District Attorney's Office is the entity that will actually retry Barbour. Regardless, the State of Alabama in general will be irreparably injured if it is required to simultaneously conduct a retrial and pursue an appeal. Although it could conceivably do so, it could lead to a waste of federal and state judicial resources if the Eleventh Circuit later reverses this Court's grant of the

6

habeas petition. Indeed, regardless of whether Barbour is convicted or acquitted on retrial, the efforts expended in retrying Barbour would be for naught if this Court's grant of habeas relief is then reversed by the Eleventh Circuit. And the possibility that Barbour is acquitted upon retrial, but the Eleventh Circuit later reverses this Court's grant of habeas relief, would be an untenable result. The interests of judicial economy and avoiding needlessly wasting the State's and the judiciary's limited resources counsel in favor of staying this Court's judgment pending appeal.

As to the third factor, whether the stay would substantially injure other parties, the Supreme Court observed that the interest of a habeas petitioner in release pending appeal is "always substantial." *Id.* at 777. Barbour's interest in his own release is no exception, so this factor weighs against granting the Respondent's motion to stay.

However, the fourth factor, "where the public interest lies," *id.* at 776, favors a stay of this Court's conditional release order. Of course, there is a public interest in the release of a prisoner when a federal court has found that his conviction was obtained in violation of the Constitution. On the other hand, allowing the Eleventh Circuit the necessary time to review this Court's decision and to provide guidance on the issues raised in the Respondent's appeal serves the public interests in the effective functioning of the federal court system and the finality of judgments.

The three additional factors specific to habeas cases which the Supreme Court discussed in *Hilton*, 481 U.S. at 777—the habeas petitioner's risk of flight, his dangerousness, and the State's interest in the petitioner's continued custody and rehabilitation pending appeal—are also relevant to the consideration of the public interest

in deciding whether to grant or deny a stay.³  On balance, these factors, particularly Barbour's risk of flight and the Respondent's interest in Barbour's continued custody and rehabilitation pending a final determination of the habeas claims on appeal, also weigh in favor of granting a stay in this case.

The Court acknowledges the importance of Barbour's right to his own liberty now that the Court has rendered null and void his conviction and sentence.  Federal courts can fashion habeas relief in any manner they see fit, *Hilton*, 481 U.S. at 775, and this Court has already done so by conditioning the grant of relief on the State of Alabama's opportunity to remedy the constitutional violations in its own courts.  Staying this Court's conditional release order while the Respondent appeals means that Barbour will remain in custody for as long as the appeal takes.  Nonetheless, the other factors on balance weigh in favor of staying this Court's judgment until the appellate courts have had the opportunity to consider the Respondent's appeal.  For these reasons, staying the Court's conditional release order requiring the State of Alabama to retry Barbour within ninety days is appropriate under the circumstances of this case.

---

³ The Respondent treats these factors—the risk of flight, the risk of danger, and the State's custody and rehabilitation interests—as falling outside of the scope of the four traditional stay factors, but Barbour points to cases in which district courts have incorporated them into their second and fourth factor analyses. *See Arciga v. Frauenheim*, 2023 WL 144199, at *5 (E.D. Cal. Jan. 10, 2023) (incorporating continued custody and rehabilitation interests into the second factor analysis); *Spencer v. Scutt*, 2013 WL 5370731, at *4–5 (E.D. Mich. Sept. 25, 2013) (considering flight risk and danger to the community as part of the second factor analysis); *Jordan v. Lamanna*, 2020 WL 6647282, at *6 (S.D.N.Y. Nov. 12, 2020) (weighing these considerations as part of the fourth factor).  Regardless of whether these factors are properly considered within the traditional analysis or separately from it, the Court finds these factors relevant to resolving the stay motion in this case.

## IV.  CONCLUSION

Accordingly, it is

ORDERED that the Respondent's Motion to Stay Judgment Pending Appeal (doc. 534) is GRANTED, and this Court's final judgment ordering the State of Alabama to conduct a new trial for Barbour within ninety days of the date of said judgment (doc. 528) is STAYED until the United States Court of Appeals for the Eleventh Circuit issues its mandate disposing of the appeal in this matter, and STAYED further until the United States Supreme Court issues a decision disposing of a petition for a writ of certiorari, if such a petition is filed.

DONE this 4th day of November, 2025.

                                           /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE